**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 24-4585**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEANGELO LEE CONTRERAS,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:24-cr-00005-WO-6)

───────────

Submitted:  August 28, 2025                          Decided:  September 2, 2025

───────────

Before GREGORY, QUATTLEBAUM, and HEYTENS, Circuit Judges.

───────────

Affirmed in part, dismissed in part by unpublished per curiam opinion.

───────────

**ON BRIEF:**  Eugene Ernest Lester, III, LESTER LAW, Greensboro, North Carolina, for Appellant.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deangelo Lee Contreras pleaded guilty to conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c). The district court sentenced Contreras within the advisory Sentencing Guidelines range to a total of 180 months' imprisonment. On appeal, Contreras's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), admitting there are no meritorious grounds for appeal but questioning whether Contreras's guilty plea was valid and whether the sentence is reasonable. Contreras has filed a pro se supplemental brief raising additional issues.[*] The Government has moved to dismiss the appeal of any grounds covered in the appeal waiver in Contreras's plea agreement. We affirm in part and dismiss in part.

Contreras's waiver of appellate rights does not prevent our review of the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). We review the adequacy of the Fed. R. Crim. P. 11 plea colloquy for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (stating standard of review); *see also Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing plain error standard). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charge to which he is pleading, and the applicable maximum and mandatory minimum penalties he faces. Fed. R. Crim.

---

[*] We have considered the issues raised in Contreras's pro se brief and conclude that they lack merit.

2

P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991).  The district court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3).  Here, the district court conducted a thorough and complete Rule 11 hearing.  We therefore conclude that Contreras entered his plea knowingly and voluntarily, and that a factual basis supported the plea.

With respect to Contreras's waiver of his appellate rights, "[w]e review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id*.  "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted).

Our review of the record confirms that, with limited exceptions not applicable here, Contreras knowingly and intelligently waived his right to appeal his conviction and sentence.  We therefore conclude that the waiver is valid and enforceable and that the sentencing issues counsel and Contreras raise on appeal fall squarely within the scope of the waiver.

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss in part and dismiss the appeal of all issues within the scope of the appellate waiver. We affirm the remainder of the judgment. This court requires that counsel inform Contreras, in writing, of the right to petition the Supreme Court of the United States for further review. If Contreras requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Contreras.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4